PER CURIAM.
Appellant, plaintiff below, files this appeal from an order of the court below rendered on her petition for rule to show cause and other relief.
The purpose of the petition was to ask the court below to place appellee in contempt for not complying with the final decree of divorce dated August 16, 1965. The parties in this present action occupied the same positions in the divorce action. The final decree listed certain duties and obligations of both appellant and appellee with regard to child support and medical insurance coverage of the minor child, Susan Lee Stockham.
The pertinent paragraphs of the final order of August 16, 1965, with which this appeal is concerned, are set out as follows:
“3. As support for the minor child, Susan Lee Stockham, the defendant shall pay to the plaintiff the sum of $75.00 each and every month, until Nov. 1, 1965 and thereafter $100.00 per month, such payments to be divided in half, payable on the first and fifteenth of each month. The defendant shall provide adequate insurance to cover any major medical expenses in behalf of the child Susan ' Lee Stockham, or shall be responsible for the payment of such sums.
“4. Each of the parties hereto shall keep the other advised in the event of illness of either of the children while in the custody of plaintiff or defendant.
« * * *
“6. The Chancellor retains jurisdiction to have an appropriate investigation *290 made of the conduct of either of the parties hereafter to determine how the children are being treated and to protect their welfare, and to conduct any hearings the Court may determine are necessary as a result of such investigations.
“7. The defendant shall he responsible for and shall pay all bills incurred by plaintiff and defendant prior to their separation in May, 1962. * * *
“8. Defendant shall pay to plaintiff’s counsel of record, James M. McEwen, the sum of $750.00, which the Court determines to be a reasonable fee for services rendered in connection with this case, exclusive of the services performed in connection with the appeals and exclusive of the services which would have been rendered in connection with the ordinary divorce action, such sum to be payable in the following manner:
“9. Neither of the parties hereto shall seek to embarrass or to harass the other.”
In Paragraph 7 quoted above the date “May, 1962” in the order dated February 6, 1967, was corrected to “March, 1962” by subsequent order of the Court below.
This cause is made much easier by the fact that the same able trial judge has heard all of the evidence and ruled on all of the motions to date since the final decree of August 16, 1965.
In the order of June 24, 1966, the court below stated:
“IT IS THEREUPON, ORDERED, ADJUDGED AND DECREED:
“1. The defendant’s Petition for the Disqualification of RICHARD V. HARRISON as attorney is hereby denied.
“2. The Plaintiff’s Petition and Amended Petition for Rule to show cause is hereby denied the Defendant, WILLIAM H. STOCKHAM, not being in contempt of court.
“3. The $50.00 paid to the hospital in lieu of paying the $50.00 to the Plaintiff as child support is disallowed as child support and the Defendant having paid this $50.00 to the Plaintiff there is no arrearage.
“4. The $115.50 advanced by the Plaintiff to the Sarasota Memorial Hospital on April 1966 being refundable to the Plaintiff the Court makes no order regarding this $115.50.
“5. The Final Decree in Paragraph 3 stating, ‘that the Defendant shall provide adequate insurance to cover any major expenses on behalf of the child, SUSAN LEE STOCKHAM, or shall be responsible for the payment of such sums.’ Means responsible for sums which would be payable by insurance and means hospitalization and surgery; therefore, doctor visits at offices and prescriptions are not chargeable to the Defendant, WILLIAM H. STOCKHAM, but should be paid by the Plaintiff from the $100 per month which the Defendant is paying to the Plaintiff for the support of the minor child, SUSAN LEE STOCKHAM.
“6. The amount of $11.41 representing that portion of the premiums paid by the Plaintiff to provide Blue Cross and Blue Shield Insurance for the months of September, October, November, and December of 1965 and January and February of 1966 shall be paid within a reasonable time to the Plaintiff by the Defendant, WILLIAM H. STOCK-HAM. Hereafter the Defendant shall continue to pay this $11.41 a month to the Plaintiff for that portion of the Blue Cross-Blue Shield Insurance to cover this minor child. Since this child has a kidney condition which any insurance that the Defendant is able to obtain would have a rider on it restricting payments for this problem, the Plaintiff is required to make every effort to continue Blue Cross-Blue Shield policies in effect since she is able to continue a policy which does not have any restriction on this known condition of the minor child. In the event the time comes when the Defendant is able to obtain a hos *291 pitalization and medical insurance policy which would not have a restriction on this condition the Plaintiff will be no longer required to carry any such policies and the $11.41 will no longer be required to be paid by the Defendant to the Plaintiff to maintain the policy.
“7. Any other bills which judgment was sought upon it is hereby decreed that the Defendant is not required to pay.
“8. The matter of whether the Defendant was in contempt of the $750.00 of attorney’s fees awarded in the Final Decree to be paid to JAMES M. Mc-EWEN, the Plaintiff’s former counsel, is decreed to be a matter to be settled between said JAMES M. McEWEN and the Defendant, WILLIAM H. STOCK-HAM. No contempt is found in regarding this award of attorney’s fees by the Court.
“10. (sic) The Plaintiff shall be responsible for the payment of present attorney’s fees in this matter and the costs, and the Defendant shall be responsible for his present attorney’s fees and costs.
“11. The parties are reminded that Paragraph 4 of the Final Decree stated that each of the parties shall keep the other advised in the event of illness of either of the children while in the custody of either of the parties. The Court admonishes the parties that this will be strictly adhered to and hereafter there shall be no surgery or hospitalization of either child except at an emergency measure without the other party having the right of independent medical counsel as to whether such surgery or hospitalization is necessary or adviseable.
“12. The parties are further reminded Paragraph 9 of the Final Decree states that neither of the parties hereto shall seek to embarrass or harass the other, and the parties are admonished that this continual letter writing to the Court and the manner in which things are brought to the attention of the Court raises a serious question with the Court whether the parties hereto are seeking to embarrass or harass each other, and the Court does not desire to limit anyone in their legal remedies or their rights, but it is the feeling of the Court that this is only protracting litigation and it is not following the spirit of the Final Decree and the Court feels that it would be for the benefit of everyone concerned if the parties would seek to terminate disputes as much as possible.”
 From a comparison of the two decrees we can find no abuse of the trial court’s discretion. Since the record comes to us on a presumption of correctness and appellant has failed to overcome that presumption, we affirm the order of the trial court dated June 24, 1966.
We have considered the appellee’s cross-assignment of error and find it to be without merit.
LILES, C. J., and ALLEN, J., and SMITH, CULVER, Associate Judges, concur.